UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARIA CRUZ MOLINA** : <br> 4721 Tampa Street : <br> Philadelphia, PA 19120 <br>   : <br>   Plaintiff : <br>   : No.: <br> v. : <br>   : Jury Trial Demanded <br> **CREDIT COLLECTION SERVICES,** : <br> **INC.** : <br> Two Wells Avenue : <br> Newtown, MA 02459 : <br>   : <br>   Defendant : | |

# COMPLAINT

## INTRODUCTION

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s)' alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

3. Jurisdiction of this Court arises under 15 U.S.C. Section 1692k(d), 28 U.S.C. Section 1331, 1337 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. Section 1367.  Venue is proper in accordance with 28 U.S.C. Section 1391(b).

4. Defendant obtains the benefit(s) of regularly transacting business in the County of Philadelphia in the Eastern District of Pennsylvania, in the Commonwealth of Pennsylvania.

## PARTIES

5. All previous paragraphs of this complaint are incorporated by reference and made a part of this Complaint.

6. Plaintiff is Maria Cruz Molina, an adult individual with a current address of 4721 Tampa Street, Philadelphia, PA 19120.

7. Defendant(s) is Credit Collection Services, Inc. (hereinafter "Defendant") a business engaged in consumer debt collection with a principle place of business located at Two Wells Avenue, Newton, MA 02459.

## FACTUAL BACKGROUND

8. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

9. On or about May 11, 2014, within 365 days from the date of the filing of this Complaint, Defendant sent Plaintiff a dunning letter dated May 11, 2014. (See attached Exhibit "A", redacted in part per Fed. R. Civ. 5.2)

10. The Omni Insurance debt was a consumer debt, incurred primarily for personal family or household use.

11. The collection letter was mailed by Defendant to Plaintiff in a window, glassine, envelope.

12. Visible through the glassine window of the envelope was a bar code, which when read/scanned reveals the consumer's reference or account number that Defendant assigned to Plaintiff and her account.

13. The reference/account number ending in 0766 represents personal identifying information.

14. The bar code visible through said glassine window can be easily scanned by anyone with a smartphone, as bar code scanning applications are easily accessible to the public and free of charge.

15. Section 1692f (8) of the FDCPA prohibits a debt collector from "using any language or symbol other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails…"  See <u>Douglas v. Convergent Outsourcing</u>, 765 F.3d 299 (3d Cir. 2014).

16. Section 1692f of the FDCPA prohibit the use of unfair or unconscionable means to collect or attempt to collect a debt, which includes the placement of Plaintiff's account number on the outside envelope of the collection letter.

17. The disclosure of an account number implicates privacy concerns under the FDCPA, 15 U.S.C. Section 1692(s) and is a core concern for the Plaintiff.  The collection letter used by Defendant Credit Collection Services, Inc. conveyed such information, specifically Plaintiff's account/reference number thereby violating the FDCPA.

18. Defendant's letter contains several references in capital letters stating www.**WarningNotice**.com and WARNINGNOTICE.COM – WARNINGNOTICE.COM.  See Exhibit "A."

19. Defendant's website www.WarningNotice.com contains the pre-recorded video message that states:

"This site offers you the ability to **instantly, conveniently and confidently** service your account in a relaxed environment."

20. Defendant's instructions that "This site offers you the ability **to instantly, conveniently and confidently** service your account is misleading and deceptive in violation of the FDCPA.

21. Defendant's multiple referenced to its website www.WARNINGNOTICE.com misleads the consumer into believing that she must act immediately or legal action will be commenced.

22. Defendant's website is meant to intimidate and coerce payment from consumers and Plaintiff and directing Plaintiff to its website titled "WARNINGNOTICE.COM" is a threat by Defendant to Plaintiff and consumers that legal action or other undesirable action will be taken against Plaintiff.

23. Defendant's re-directing Plaintiff to the website "WARNINGNOTICE.COM" is a collection ploy designed to mislead and deceive the Plaintiff as to her rights to dispute or seek validation of the debt.

24. Defendant's letter with the multiple referenced to "WARINING NOTICE.COM" overshadows the message of the verification rights notice.

**COUNT I
VIOLATION OF THE FDCPA
15 USC 1692 et. seq.**

25. All previous paragraphs of this Complaint are incorporated by reference as though fully set forth herein.

26. Plaintiff is a consumer debtor as defined by the Fair Debt Collection Practices Act (FDCPA), 15 USC §1692a(3).

27. Defendant is a debt collector as defined by the FDCPA, 15 USC §1692a(6).

28. At all times mentioned herein, Defendant was attempting to collect on an alleged consumer "debt"against Plaintiff through "communications" as defined by FDCPA 15 U.S.C. §1692a(2) and §1692a(5).

29. Defendants' acts described above violated the FDCPA, 15 U.S.C §1692d by engaging in conduct the natural consequence is to harass, oppress or abuse any person in connection with the collection of a debt.

30. Defendants' acts described above violated the FDCPA, 15 U.S.C §1692e by making false, deceptive or misleading representation of means in connection with the collection of any debt.

31. Defendants' acts described above violated the FDCPA, 15 U.S.C §1692e(2) by misrepresenting the amount of legal status of the alleged debt.

32. Defendants' acts described above violated the FDCPA, 15 U.S.C §1692e(10) by using false representation or deceptive means to collect or attempt to collect an alleged debt from a consumer.

33. Defendants' acts described above violated the FDCPA, 15 U.S.C §1692f and §1692f(8) by using unfair and unconscionable means in an attempt to collect Plaintiff's alleged debt and by displaying personal identifying information on the envelope addressed to Plaintiff that Defendant placed into the mails.

34. Defendant engaged in per se violations of the FDCPA, 15 U.S.C.

Sections 1692f and 1692f(8). The FDCPA is a strict liability statue and "because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997); Russell v. Equifax A.R.S., 74 F.3d 30 (2d Cir. 1996). A.R.S., 74 F.3d 30 (2d Cir. 1996).

## JURY TRIAL DEMAND

35.  Plaintiff demands jury by on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the following relief be granted:

(a)  Damages;

(b)  Attorney's fees and costs; and

(c)  All other relief that the Court deems just and proper.

Respectfully Submitted,
**BLITSHTEIN & WEISS, P.C.**

By:  /s/TovaWeiss
Tova Weiss, Esquire
Iriana Blitshtein, Esquire
648 2nd Street Pike
Southampton, PA 18966
(215)364-4900
Fax (215)364-8050
Attorneys for Plaintiff

Date: 5/7/2015